In the Matter of Arvil R. HOWE, Respondent.

No. 71S00–1103–DI–162.

Supreme Court of Indiana.

Sept. 6, 2011.

*PUBLISHED ORDER ACCEPTING CONSENT TO DISCIPLINE AND IMPOSING DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Complaint for Disciplinary Action" against Respondent. Respondent has tendered to this Court an affidavit of consent to discipline, pursuant to Indiana Admission and Discipline Rule 23(17), acknowledging that the material facts alleged in the complaint are true and consenting to discipline to be determined by this Court. Having reviewed the complaint, the affidavit, and the briefs of the parties, the Court concludes that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission filed a Verified Complaint on March 21, 2011, making the following allegations:

*Count 1.* On May 16, 1985, Respondent was convicted of operating a vehicle while intoxicated ("OWI").

*Count 2.* Based on an incident on October 7, 2004, Respondent pled guilty to OWI, a class A misdemeanor. A test indicated his B.A.C. to be 0.31%. He failed to report this conviction to the Commission.

*Count 3.* Based on an incident on February 12, 2010, which involved a traffic accident, Respondent pled guilty to OWI, a

Rules 82–TR69 Rule 1.23(C) and 82–SC00–S Rule 1.05(E) (effective May 10, 2011).

class A misdemeanor. A test indicated his B.A.C. to be 0.19%. He failed to report this conviction to the Commission.

Respondent submitted an "Affidavit of Consent to Discipline" on May 19, 2011, admitting to the charged misconduct. He reports that he has taken steps to address his alcohol abuse, including participation in a Court Substance Abuse Program, an Ignition Interlock Program, and out-patient treatment through the Veteran's Administration. Respondent suggests a period of suspension, stayed pending probation under terms including continued treatment for alcohol abuse, monitoring by the Indiana Judges and Lawyers Assistance Program, and any other terms the Commission deems appropriate.

**Violations:** Respondent admits that he violated these rules prohibiting the following misconduct:

Ind. Professional Conduct Rule 8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

Ind. Admission and Discipline Rule 23(11.1)(a)(2): Failure to notify the Commission of a guilty finding.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning October, 18, 2011, with 60 days actively served and the remainder stayed subject to completion of at least two years of probation,** the terms of which shall be:

(1) Respondent shall continue any out-patient program approved by the Commission.

(2) Respondent shall abstain from the use of alcohol.

(3) Respondent shall enter into a monitoring agreement with the Judges and Lawyers Assistance Program and shall have no violations of the monitoring agreement, the law, or the Rules of Professional Conduct during his probation.

(4) Respondent shall promptly report any violations of the terms of his probation to the Commission.

(5) Respondent shall comply with any other terms of probation that the Commission deems appropriate.

(6) If Respondent violates his probation, the balance of the stayed suspension shall be actively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.